UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER NAILING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DONNA NAVARRO, et al.,<br><br>　　　　Defendants. | Case No. 2:19-cv-08897-AB-JC<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

## I.   BACKGROUND AND SUMMARY

On October 16, 2019, plaintiff Xavier Nailing, who is at liberty, is proceeding *pro se*, and has been granted leave to proceed *in forma pauperis*, filed a Civil Rights Complaint ("Original Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983") against two employees of the Housing Authority of the City of Los Angeles ("HACLA"), Donna Navarro and Carlos Van Natter, in their individual and official capacities.  On September 1, 2020, this Court, on the recommendation of the Magistrate Judge, granted defendants' Motion to Dismiss the Original Complaint and dismissed the Original Complaint with leave to amend.

On September 14, 2020, plaintiff filed a First Amended Complaint ("First Amended Complaint").  Plaintiff continued to sue defendants Navarro and Van Natter in their individual and official capacities, asserting claims for violation of his

constitutional rights to due process and equal protection and his rights under the Americans with Disabilities Act ("ADA").  On June 30, 2021, this Court, on the recommendation of the Magistrate Judge, granted defendants' Motion to Dismiss the First Amended Complaint to the extent it sought dismissal of the First Amended Complaint for failure to state a claim for relief, and dismissed the First Amended Complaint with leave to amend.

On August 24, 2021, plaintiff filed a Second Amended Complaint ("Second Amended Complaint").  Plaintiff continued to sue HACLA employees Navarro and Natter in their individual and official capacities, but additionally sued HACLA employee Lula Eskander in her individual and official capacities, as well as the HACLA itself.  Plaintiff claimed that defendants violated his rights to equal protection and due process, including his right to be protected from known harm. He sought monetary and declaratory relief.

On January 10, 2022, this Court, on the recommendation of the Magistrate Judge, granted defendants' Motion to Dismiss the Second Amended Complaint to the extent it sought dismissal of the Second Amended Complaint for failure to state a claim for relief, and dismissed the Second Amended Complaint with leave to amend ("January Order").  The January Order further directed plaintiff within fourteen (14) days (*i.e.*, by January 24, 2022), to do one of the following:  (1) file a Third Amended Complaint; (2) file a Notice of Dismissal; or (3) file a Notice of Intent to Stand on the Second Amended Complaint.  The January Order also expressly cautioned plaintiff in bold-faced print that his failure timely to file a Third Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on Second Amended Complaint may result in the dismissal of this action with or without prejudice based on, among other grounds, his failure diligently to prosecute, and/or his failure to comply with the January Order.

The foregoing January 24, 2022 deadline expired without any action by plaintiff.  Plaintiff has not sought an extension of the deadline to comply with the

January Order. Nor has plaintiff otherwise filed anything in this action since October 5, 2021.

For the reasons discussed below, this action is dismissed without prejudice.

## II. PERTINENT LAW

It is well-established that a district court may dismiss an action where the plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

Where a plaintiff is proceeding *pro se*, however, the court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an

opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted). A district judge may not dismiss an action for failure to comply with a court order or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous. Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.).

### III.   DISCUSSION AND ORDER

First, the January Order was not erroneous. It accepted the Magistrate Judge's November 18, 2021 Report and Recommendation which adequately and properly notified plaintiff of the deficiencies in the Second Amended Complaint and it afforded plaintiff an opportunity to amend effectively.

Second, dismissal is appropriate based upon plaintiff's failure to comply with the January Order and plaintiff's failure to prosecute. The Court has considered the five factors discussed above – the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives. The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket – strongly weigh in favor of dismissal. As noted above, plaintiff has been notified of the deficiencies in the Second Amended Complaint and has been given the opportunity to amend it, to dismiss this matter, or to notify the Court that he wishes to stand on it. He has done nothing. See Edwards, 356 F.3d at 1065. The third factor, risk of prejudice to defendants, also weighs strongly in favor of dismissal. See Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (prejudice to defendants presumed from unreasonable delay) (citation omitted). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. As for the fifth factor, since plaintiff has already been cautioned of the consequences of his failure to prosecute, and his failure to comply with the January Order, and has been

1 | afforded the opportunity to avoid such consequences but has not responded, no
2 | sanction lesser than dismissal without prejudice is feasible.  See, e.g., Yourish, 191
3 | F.3d at 989 (dismissal of action *with prejudice* not excessive sanction for plaintiffs'
4 | failure timely to comply with court's order to submit an amended complaint).
5 |         IT IS THEREFORE ORDERED that this action is dismissed based upon
6 | plaintiff's failure to comply with the January Order and plaintiff's unreasonable
7 | failure to prosecute.  Each of the foregoing bases for dismissal independently
8 | justifies dismissal of this action without prejudice.
9 |         IT IS SO ORDERED.

DATED: March 23, 2022

_____
HONORABLE ANDRE BIROTTE JR.
UNITED STATES DISTRICT JUDGE